IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY E. TORRES, | Case No. 1:11-cv-00819 JLT (PC) |
| Plaintiff, | ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |
| vs. | (Doc. 1) |
| V. QUINONES, et al., | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes. (Doc. 5.) Now pending before the Court is Plaintiff's complaint filed May, 20, 2011. (Doc. 1.)

I.  SCREENING REQUIREMENT

The Court is required to review a case in which a prisoner seeks redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies in the pleading can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

The Civil Rights Act under which this action was filed provides a cause of action against any "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States.]" 42 U.S.C. § 1983. To prove a violation of § 1983, a plaintiff must establish that (1) the defendant deprived him of a constitutional or federal right, and (2) the defendant acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). In other words, there must be an actual causal connection between the actions of each defendant and the alleged deprivation. See Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Nevertheless, a plaintiff's obligation to provide the grounds of entitlement to relief under Rule 8(a)(2) requires more than "naked assertions," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action." Twombly, 550 U.S. at 555-57. The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570). Vague and conclusory allegations are insufficient to state a claim under § 1983. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.    THE COMPLAINT**

Plaintiff alleges as follows. On or about February 13, 2010, Defendant Quinones tried to solicit inmates to harm Plaintiff "in some way or form." (Doc. 1 at 4.) Specifically, Defendant Quinones told several inmates that "the housing unit will remain 'fucked up' until something happens to [Plaintiff] or [until Plaintiff] gets moved out." (Id.) Plaintiff informed Defendants Smith and Hudson of his safety

concerns regarding Defendant Quinones, but Defendants Smith and Hudson did not take any remedial action and simply advised Plaintiff to stay out of Defendant Quinones' way. (Id.) Plaintiff also filed an inmate grievance regarding the matter, but Defendants Artis, Foston, and Allison "just swept [the issue] under the rug." (See id. at 3-4.) According to Plaintiff, it is common practice at the California Substance Abuse Treatment Facility, the institution of Plaintiff's current incarceration, to "pit" inmates against each other. (Id. at 3.)

Based on these allegations, Plaintiff appears to present claims against Defendants for deliberate indifference to Plaintiff's safety in violation of the Eighth Amendment. As relief, Plaintiff seeks an injunction and monetary damages. (Id. at 4.)

**III.   DISCUSSION**

   **A.   Eighth Amendment**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). Prison officials have a "duty to ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted).

To establish a violation of this duty, a prisoner must satisfy both an objective and subjective component. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). First, a prisoner must demonstrate an objectively serious deprivation, one that amounts to a denial of "the minimal civilized measures of life's necessities." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). In determining whether a deprivation is sufficiently serious within the meaning of the Eighth Amendment, "the circumstances, nature, and duration" of the deprivation must be considered. Johnson, 217 F.3d at 731. "The more basic the need, the shorter the time it can be withheld." Hoptowit v. Ray, 682 F.2d 1237, 1259 (9th Cir. 1982).

Second, a prisoner must also demonstrate that prison officials acted with a sufficiently culpable state of mind, that of "deliberate indifference." Wilson, 501 U.S. at 303; Johnson, 217 F.3d at 733. A prison official acts with deliberate indifference if he knows of and disregards an excessive risk to the prisoner's health and safety. Farmer, 511 U.S. at 837. In other words, the prison official "must both be

aware of facts from which the inference could be drawn that a substantial risk of serious harm exists [to the inmate], and [the prison official] must also draw the inference." Id.

Here, Plaintiff's allegations are insufficient to show that Defendant Quinones' remarks placed Plaintiff in a substantial risk of serious harm. The alleged remarks do not carry an explicit threat to the safety of Plaintiff. Moreover, to the extent that Defendant Quinones' comments can be interpreted as an invitation to harm Plaintiff, there are no facts illustrating the seriousness of the threat or the extent to which other inmates decided to act on the invitation. In fact, there is no explanation at all as to the context of Defendant Quinones' comments or their consequences, if any. In the absence of such, it appears that Defendant Quinones simply made a vague threat of harm against Plaintiff. That does not amount to a serious deprivation within the meaning of the Eighth Amendment. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat of bodily harm does not give rise to a Eighth Amendment violation).[1]

**B.     Supervisory Liability**

Plaintiff appears to allege that Defendant Allison, who is the warden at the California Substance Abuse Treatment Facility, acquiesces in the practice of "pitting" inmates against each other. It is true that a supervisor may be held liable under § 1983 if the official "implements a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal quotation marks and citation omitted). Here, however, there is no indication that the practice of "pitting" inmates against each other placed Plaintiff in an excessive risk of harm and resulted in a deprivation of Plaintiff's constitutional rights. Thus, even assuming that such a practice exists, Plaintiff fails to state a cognizable claim against Defendant Allison in this regard.

**C.     Leave to Amend**

The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order, to the extent possible. See Noll v. Carlson, 809 F.2d

---

[1] Moreover, because there is no indication that Plaintiff faced an "excessive risk" to his safety and well-being, whatever knowledge Defendants may have had of these events and whatever action they failed to take in response cannot constitute deliberate indifference. Farmer, 511 U.S. at 837. Therefore, Plaintiff not only fails allege facts satisfying the objective component of an Eighth Amendment conditions of confinement claim, but he also fails to satisfy the subjective component as well.

1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). If Plaintiff elects to file an amended complaint, he is cautioned that he may not change the nature of this suit by adding new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Moreover, Plaintiff is advised that once he files an amended complaint, his original pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). The amended complaint must therefore be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

## IV.   CONCLUSION

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's complaint is **DISMISSED**;
2. Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint";
3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and
4. Plaintiff is cautioned that failure to comply with this order will result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **July 14, 2011**                                       /s/ Jennifer L. Thurston
                                                                 UNITED STATES MAGISTRATE JUDGE