IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY E. TORRES, | Case No. 1:11-cv-00819 JLT (PC) |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| vs. | |
| V. QUINONES, et al., | (Doc. 8) |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On July 15, 2011, the Court dismissed Plaintiff's original complaint with leave to amend. (Doc. 6.) Now pending before the Court is Plaintiff's amended complaint filed August 30, 2011. (Doc. 8.)

I.     **SCREENING REQUIREMENT**

The Court is required to review a case in which a prisoner seeks redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies in the pleading can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

1    The Civil Rights Act under which this action was filed provides a cause of action against any
2  "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United
3  States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or
4  immunities secured by the Constitution and laws [of the United States.]" 42 U.S.C. § 1983. To prove
5  a violation of § 1983, a plaintiff must establish that (1) the defendant deprived him of a constitutional
6  or federal right, and (2) the defendant acted under color of state law. West v. Atkins, 487 U.S. 42, 48
7  (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). "A person deprives another of a
8  constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in
9  another's affirmative acts, or omits to perform an act which he is legally required to do that causes the
10 deprivation of which [the plaintiff complains]." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993)
11 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). In other words, there must be an actual
12 causal connection between the actions of each defendant and the alleged deprivation. See Rizzo v.
13 Goode, 423 U.S. 362, 370-71 (1976).

14    "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim
15 showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . .
16 . claim is and the grounds upon which it rests[.]'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555
17 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Nevertheless, a plaintiff's obligation to
18 provide the grounds of entitlement to relief under Rule 8(a)(2) requires more than "naked assertions,"
19 "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action." Twombly,
20 550 U.S. at 555-57. The complaint "must contain sufficient factual matter, accepted as true, to 'state
21 a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d
22 868, 883 (2009) (quoting Twombly, 550 U.S. at 570). Vague and conclusory allegations are insufficient
23 to state a claim. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

24 **II.   THE AMENDED COMPLAINT**

25    Plaintiff alleges as follows. On or about February 13, 2010, Defendant Quinones tried to solicit
26 inmates to harm Plaintiff "in any way possible." (Doc. 8 at 3.) Specifically, Defendant Quinones told
27 several inmates that "the housing unit will remain 'fucked up' until something happens to [Plaintiff] or
28 [until Plaintiff] gets moved out." (Id.) Plaintiff also had an "altercation" with another inmate when the

1  inmate was unable to use the phone and Defendant Quinones told the inmate that it was Plaintiff's fault.
2  (Id.) Defendants Patterson, Allison, Smith, and Hudson were aware of Plaintiff's safety concerns but
3  did not take any protective action. (Id. at 3-4.) Defendant Hudson instructed Plaintiff to simply "stay
4  out of [Defendant] Quinones' way." (Id. at 3.)
5        Based on these allegations, Plaintiff appears to present claims against Defendants for deliberate
6  indifference to Plaintiff's safety in violation of the Eighth Amendment. In terms of relief, Plaintiff seeks
7  an injunction and monetary damages. (Id.)

8  **III.   DISCUSSION**
9      **A.   Eighth Amendment**
10        Under the Eighth Amendment, "prison officials have a [constitutional] duty . . . to protect
11  prisoners from violence at the hands of other prisoners." Farmer v. Brown, 511 U.S. 825, 837 (1994)
12  (quoting Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)). To establish a
13  violation of this duty, a prisoner must demonstrate that prison officials were "deliberately indifferent to
14  a serious threat to the inmate's safety." Farmer, 511 U.S. at 834. This requires the prisoner to satisfy
15  both an objective and a subjective requirement. First, the prisoner must demonstrate that he was, in
16  objective terms, "incarcerated under conditions posing a substantial risk of serious harm." Id. Second,
17  the prisoner must demonstrate that prison officials acted with a sufficiently culpable state of mind. Id.
18  Prison officials must have been aware of facts from which the inference could have been drawn that a
19  substantial risk of serious harm exists to the inmate, and the prison officials must also have drawn the
20  inference. Id. at 837.
21        Here, Plaintiff's allegations are insufficient to show that Defendant Quinones' remarks placed
22  Plaintiff in a substantial risk of serious harm. The alleged remarks do not carry an explicit threat to the
23  safety of Plaintiff. Moreover, to the extent that Defendant Quinones' comments can be interpreted as
24  an invitation to harm Plaintiff, there are scant facts demonstrating the seriousness of the threat or the
25  extent to which inmates decided to act on the invitation. For example, with respect to the telephone
26  incident, Plaintiff does not allege facts demonstrating that Defendant Quinones' intention in blaming
27  Plaintiff for the lack of telephone access was to have the other inmate attack Plaintiff. Nor is there any
28  indication that the other inmate did in fact attack Plaintiff. Plaintiff merely alleges that he and the other

inmate were involved in an "altercation." Plaintiff does not explain the nature of the altercation or the extent of harm, if any, that resulted.

In Iqbal, the United States Supreme Court explained that:

> a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. **A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"**

Iqbal, 129 S. Ct. at 1949 (emphasis added). In this case, there is simply insufficient factual material for the Court to draw the inference that Plaintiff's Eighth Amendment claims are "plausible" on their face and that there is more than a "sheer possibility" that Defendants acted unlawfully. Id. Accordingly, the Court concludes that Plaintiff fails to state a cognizable Eighth Amendment claim against any of the defendants.

**B.    No Leave to Amend**

Plaintiff will not be afforded further leave to amend. In its previous screening order, the Court explained to Plaintiff the deficiencies in his pleadings. Specifically, the Court explained to Plaintiff that his Eighth Amendment claims failed because there were insufficient facts demonstrating that he faced a substantial risk to his safety. (See Doc. 6 at 4.) Despite this, Plaintiff has failed to amend his pleadings in a meaningful way. Accordingly, the Court will dismiss Plaintiff's amended complaint without leave to amend and will dismiss this action with prejudice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (dismissal with prejudice upheld where the court had instructed plaintiff on the deficiencies of his pleadings in its prior order dismissing complaint with leave to amend).

**IV.   CONCLUSION**

In accordance with the above, it is **HEREBY ORDERED** that:

1.    This action is **DISMISSED** for Plaintiff's failure to state a cognizable claim;

2.    This dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g); and

///

///

1         3.     The Clerk of the Court is directed to close this case.

2   IT IS SO ORDERED.

3   Dated:   **August 31, 2011**                                    **/s/ Jennifer L. Thurston**
                                                               UNITED STATES MAGISTRATE JUDGE